IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 06-50 Erie |
| ) | |
| MONTRICE M. BOLDEN ) | |

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, SEAN J., J.

Presently pending before the Court is a motion entitled "Notice of Motion and Motion for Sua Sponte Reconsideration" [Doc. No. 54] filed by Defendant, Montrice M. Bolden and the "Government's Response to Defendant's Motion for Reconsideration of Sentence" [Doc. No. 57]. For the reasons that follow, we will deny Defendant's motion.

On July 12, 2007, Defendant plead guilty to Count I of an Indictment charging him with possession with intent to distribute and distribution of a stipulated quantity of 83.9 grams of crack cocaine. A presentence investigation report ("PSIR") calculated Defendant's offense level as 32, and after adjustments for possession of a firearm and for acceptance of responsibility, the total offense level was 31. See PSIR ¶ 32. With a criminal history category of III and an offense level of 31, the Guideline range for incarceration was 135 to 168 months.

Prior to sentencing, Defendant's offense level was adjusted down from level 32 to level 30, pursuant to Amendment 706 to the Sentencing Guidelines, which generally reduces the base offense level for crack cocaine offenses by two levels.[1] See Second Addendum to the PSIR ¶ 1. Defendant's final offense level after the previously described adjustment was 29, resulting in a Guideline range of 108 to 135 months of incarceration. The Court subsequently sentenced Defendant to 108 months incarceration on November 7, 2007. See Judgment [Doc. No. 49].

On November 26, 2007, Defendant requested that the Court reconsider the sentence, which was denied by the Court on November 29, 2007. See [Doc. Nos. 50 and 51]. Defendant filed the instant motion on March 24, 2008, requesting that the Court reconsider his sentence

---

[1] Amendment 706, effective November 1, 2007, modified the Guideline ranges applicable to crack cocaine offenses. United States v. Wise, 515 F.3d 207, 219 (3rd Cir. 2008).

1

because he is ineligible for rehabilitation as ordered by the Court and due to the United States Supreme Court's decision in Kimbrough v. United States, 128 S.Ct. 558, 575 (2007), which held that district courts are free to consider, as part of their analysis of the 18 U.S.C. § 3553(a) factors, the disparity in the Guidelines ranges for offenses involving crack cocaine compared to those for powder cocaine.

Contrary to Defendant's assertion that the Court may *sua sponte* reconsider a sentence at any time, generally a district court may not alter a term of imprisonment once it has been imposed. United States v. Wise, 515 F.3d 220 (3rd Cir. 2008). The exceptions to this general rule, however, are set forth in 18 U.S.C. § 3582(c), which limits the court's jurisdiction to modify sentences except as set forth in the statute:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that–
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of

2

> imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §3582(c); United States v. Higgs, 504 F.3d 456, 464 (3rd Cir. 2007).

Section 3582(c)(1)(A) is not implicated in this case since the Bureau of Prisons has not filed a motion seeking a reduction. Section 3582(c)(1)(b) fails to provide Defendant with any grounds for relief. Rule 35(a) of the Federal Rules of Criminal Procedure provides in pertinent part that the court may correct an arithmetical, technical, or other clear error in its sentence within seven days after the imposition of the sentence. Fed.R.Crim.P. 35(a). Because the seven-day time period is jurisdictional, see Higgs, 504 F.3d at 464; United States v. Colaizzi, 2007 WL 3120423 at *1 (W.D.Pa. 2007), we lack jurisdiction to reduce Defendant's sentence.

Nor is Defendant entitled to any relief under section 3582(c)(2). As previously stated, Defendant has already received a two-level reduction in his base offense level to comport with Amendment 706 of the Sentencing Guidelines. Defendant has failed to point to any other amendment to the Sentencing Guidelines which would be applicable to his sentence.

Accordingly, on this 20th day of August, 2008, for the reasons set forth above,

IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration [Doc. No. 54] is DENIED.

s/ Sean J. McLaughlin<br>
United States District Judge

cm: All parties of record.

3